UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD BOOTH,

    Plaintiff,

v.                                              Case No. 8:17-cv-2319-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

## **O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

### I.

The Plaintiff was born in 1968, obtained a GED, and has past relevant work as a security officer. (R. 22, 32-33, 250). In July 2014, the Plaintiff applied for DIB and SSI, alleging disability as of May 1, 2014, due to spina bifida, urinary incontinence, arthritis, anxiety, depression, mood swings, bulging discs, and both spinal and cervical

pain. (R. 250-59, 287, 310, 320). The Social Security Administration (SSA) denied the Plaintiff's applications both initially and on reconsideration. (R. 154-55, 176-77).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on September 15, 2016. (R. 29-53). The Plaintiff was represented by a non-attorney at that hearing and testified on his own behalf. (R. 32-48). A vocational expert (VE) also testified. (R. 49-51).

In a decision dated November 9, 2016, the ALJ found that the Plaintiff: (1) was insured through December 31, 2017, and had not engaged in substantial gainful activity since his alleged onset date; (2) had the severe impairments of spina bifida and degenerative disc disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work subject to some additional functional, postural, and environmental limitations; and (5) was capable of performing his past work as a security guard. (R. 15-22). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 22).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20

C.F.R. §§ 404.1505(a); 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is eligible for either DIB or SSI, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018)[2] (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4). Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (11th Cir. 2001) (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).

### III.

The Plaintiff raises four primary arguments on appeal: (1) the ALJ failed to properly consider the combined effects of all of his impairments; (2) the ALJ's RFC

4

assessment is unsupported by substantial evidence; (3) the ALJ's credibility finding regarding the Plaintiff's subjective complaints is flawed both legally and factually; and (4) the Appeals Council failed to appropriately evaluate new and material evidence pertaining to the Plaintiff's recent hospitalizations. (Doc. 22). The Commissioner counters that each of the Plaintiff's contentions are without merit. *Id.* Upon a thorough review of the record and the parties' joint memorandum, the Court finds that certain of the Plaintiff's arguments relating to the ALJ's step four finding warrant remand of this case for further proceedings.

At step four of the sequential evaluation process, the ALJ is tasked with evaluating the claimant's RFC as well as his ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ must make an assessment based on the relevant evidence of record what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. *Id.* at §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, the ALJ must consider the medical opinions of record in conjunction with all of the other evidence before the ALJ, the claimant's medically determinable impairments (both severe and non-severe), the total limiting effects of each impairment, and the claimant's subjective symptoms. *Id.* at §§ 404.1520(e), 404.1545(a), 416.920(e), 416.945(a); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

In this Circuit, the evaluation of a claimant's subjective complaints is governed by the "pain standard." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Under this standard, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id*. (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

Where a claimant satisfies this "pain standard," the Regulations dictate that the ALJ must then assess the intensity and persistence of the claimant's symptoms to determine how they limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). Factors relevant to this evaluation include the objective medical evidence; evidence of factors that precipitate or aggravate the claimant's symptoms; medications and treatments available to alleviate the symptoms; how the symptoms affect the claimant's daily activities; and the claimant's past work history. *Id*. A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (citations omitted).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513. 517 (11th Cir. 1984)). If the ALJ elects not to credit the claimant's subjective testimony, however, he must articulate express and adequate reasons for doing so.

*Dyer*, 395 F.3d at 1210 (quotation and citation omitted). While the Eleventh Circuit "does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court." *Tienber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). An ALJ therefore "need not cite particular phrases or formulations" in his credibility determination, so long as the reviewing court can be satisfied that he "considered the claimant's medical condition as a whole." *Dyer*, 395 F.3d at 1210-11 (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)) (internal quotation marks omitted).

In the end, a reviewing court will not disturb a clearly articulated credibility finding that is supported by substantial evidence in the record. *Foote*, 67 F.3d at 1562 (citation omitted). The lack of a sufficiently explicit credibility finding, on the other hand, may give grounds for a remand if the credibility finding is critical to the outcome of the case. *Smallwood v. Schweiker*, 681 F.2d 1349, 1352 (11th Cir. 1982). Accordingly, to avoid remand where a plaintiff's credibility is a determinative factor, the ALJ must "explicitly discredit" the testimony at issue or "the implication must be so clear as to amount to a specific credibility finding." *Foote*, 67 F.3d at 1562 (quotation omitted).

In this case, a central issue regarding the Plaintiff's ability to work pertains to his problems with urinating. At the hearing, the Plaintiff testified in this respect that, because of his spina bifida, he had surgery as a child to have a bladder built for him and that, as a result, he must catheterize himself every time he urinates. *Id.* The Plaintiff further testified that, although he had previously managed to work despite

this condition, he had been unable to do so since May 2014 due to his worsening back problems. (R. 40). As he explained at the hearing:

> [T]he way I should cath[eterize] is not the way I've been cath[eterizing] because it takes 15 minutes to do it the proper way, and when you're out and about or at a job, you have to hurry up and go, and that's when I pop up with [urinary tract] infections, and which I'm going to constantly get.

(R. 40). The Plaintiff additionally testified that his urinary tract infections (UTIs) last a couple of weeks, cause burning pain in his testicles, bladder, and stomach, and can require treatment by both intravenous medicine as well as hospitalization. (R. 41).

Following the Plaintiff's testimony, the VE informed the ALJ that, were a hypothetical individual, such as the Plaintiff, to miss two days a month, he would be unable to engage in any work. (R. 51). The VE also stated that, were such a hypothetical individual required to take two unscheduled breaks of fifteen minutes per workday, he would be unable to perform the Plaintiff's past relevant work as a security officer. *Id.*

It appears from the parties' submissions that there is no dispute the Plaintiff must self-catheterize each time he urinates. While not explicit in his decision, the ALJ seems to have accepted that fact, and, indeed, expressly discounted the Plaintiff's allegation that he experiences chronic UTIs as a result of self-catherization. *See* (R. 20-21).

Notably, however, the ALJ did not offer any explanation as to why he declined to credit the Plaintiff's testimony that it takes him fifteen minutes to properly self-catheterize and that his worsening back problems contribute to the time it takes him

8

to do so. In fact, the ALJ failed in his decision to even mention this pertinent testimony, much less address it. Nor did the ALJ include any limitations in his RFC finding relative to the Plaintiff's need to self-catheterize. *See* (R. 19). This deficiency is especially significant given the VE's testimony that, were the Plaintiff required to take two unscheduled fifteen-minute breaks per workday, he would be unable to perform his past relevant work as a security guard. (R. 51). Because the Plaintiff's subjective allegations regarding his need to self-catheterize and the time it takes to do so could be determinative of the disability decision, the ALJ was required to make explicit his findings on this topic. *See, e.g., Grossman v. Berryhill*, 2018 WL 5792966, at *19 (N.D. Ohio Sept. 17, 2018), *report and recommendation adopted*, 2018 WL 5792767 (N.D. Ohio Nov. 5, 2018) ("While [the ALJ] acknowledged [plaintiff's] need to self-catheterize, she provides no limitations in the RFC to account for this need. Upon remand, the ALJ should review the medical evidence regarding this issue and consider whether it would result in any restrictions in the RFC."); *Scott v. Berryhill*, 2018 WL 1410594, at *3-4 (E.D. Okla. Mar. 21, 2018) (reversing the Commissioner's decision due to ALJ's failure to address plaintiff's need to self-catheterize); *Drummond v. Comm'r of Soc. Sec.*, 2015 WL 4545129, at *4 (S.D. Ohio Feb. 27, 2015) (reversing the Commissioner's decision where ALJ stated only that plaintiff "alleged frequent problems with urination and [the] need to self-catheterize, with episodes up to twenty-five minutes . . . but the record does not support any of these extreme claims."); *cf. Zuccarell v. Astrue*, 2010 WL 940344, at *1 (N.D. Fla. Mar. 15, 2010) (affirming the Commissioner's decision to deny benefits where plaintiff discussed having to self-

catheterize, stated that he spent ten to fifteen minutes twice a day doing this procedure, but did not claim that it was disabling).

The Commissioner's challenges to the Plaintiff's arguments about his need to catheterize are unavailing. The Commissioner argues in this respect that the Plaintiff self-catheterized for decades while engaging in substantial gainful employment and that the Plaintiff does not explain why it is only since May 1, 2014, that the resulting occasional UTIs from self-catheterization render him disabled. (Doc. 22 at 19).

The flaw in the Commissioner's argument is that—as with the ALJ's decision—it overlooks the Plaintiff's testimony that he is unable to work, at least in part, because he needs fifteen minutes each time he urinates. The Commissioner, like the ALJ, instead focuses on the Plaintiff's allegations of chronic UTIs rather than on the time he claims it takes him to self-catheterize in order to *avoid* UTIs.

Moreover, despite the Commissioner's assertion to the contrary, the Plaintiff does, in fact, provide an explanation regarding why his need to self-catheterize now renders him unable to work. In particular, he testified that, notwithstanding his prior ability to work despite this condition, his situation changed in May 2014 because of his worsening back problems. (R. 40). While the ALJ found the Plaintiff's degenerative disc disease and his spina bifida ton be severe impairments (R. 17), he simply failed to articulate his reasons for disbelieving the Plaintiff's explanation as to why he was unable to work due to his combination of impairments beginning in May 2014. As a result, remand for further development of the record and explication of the functional import of the Plaintiff's need to self-catheterize is warranted.

In light of the above, the Court need not address the Plaintiff's remaining claims of error. *See Demench v. Sec'y of Dep't of Health and Human Services,* 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings). On remand, the Commissioner should reassess the entire record, providing sufficient reasons and readily-identifiable evidentiary support for his decision.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is REVERSED and REMANDED for further proceedings.

2) The Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case.

3) The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 27th day of March 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record